**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GREGORY A. WRIGHT, | CIVIL ACTION NO. |
| Plaintiff, | |
| | _____ |
| v. | |
| | **JURY TRIAL DEMANDED** |
| INTEGRATED CONSTRUCTION MANAGEMENT, INC., | |
| Defendant. | |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Gregory A. Wright, by and through his undersigned counsel, brings this action against Defendant Integrated Construction Management, Inc.

**NATURE OF THE ACTION**

1.      Plaintiff Gregory A. Wright brings this action under the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. § 201 et seq., alleging that Defendant Integrated Construction Management, Inc. ("ICM") willfully failed to compensate Wright at time and one-half for all hours worked in excess of 40 per week.

1

2.     Because ICM violated the FLSA, it is liable to Wright for all unpaid overtime wages, an equal amount of liquidated damages, and his reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Wright's claims pursuant to 28 U.S.C. § 1331.

4.     Venue is proper under 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) ICM resides and transacts business in this District and Division.

5.     Wright is a current, hourly "employee" of ICM.

6.     ICM is an "employer" under 29 U.S.C. § 203(d) as it acts directly and indirectly in the interest of Wright in its interaction with ICM, and controls the terms and conditions of his employment.

7.     ICM employs Wright who handles and otherwise worked on goods and/or materials that have been moved in or produced for commerce.

8.     On information and belief, and at all times relevant, ICM has had an annual gross volume of sales made or business done in excess of $500,000.

2

## PARTIES

9.     Wright is a citizen of Georgia who resides in Clayton County.

10.     ICM is a domestic professional corporation with its principle office located at 2260 Lithonia Industrial Boulevard, Suite F, Lithonia, Georgia 30058.

11.     ICM may be served with process by delivering a copy of the Complaint and Summons to its registered agent, ICM, at 2260 Lithonia Industrial Boulevard, Suite F, Lithonia, Georgia 30058.

## FACTUAL ALLEGATIONS

12.     Since September 2010, ICM has employed Wright as a meter inspector/painter.

13.     ICM primarily engages in providing utility services to private and governmental entities throughout metro Atlanta.

14.     According to ICM's online website, it manages, tracks, installs, and maintains customer field assets, including mainline pipes, service line pipes, and gas meters.

15.     ICM is an authorized contractor of Atlanta Gas Light.

16.     In his capacity as a meter inspector/painter, Wright paints and inspects residential and commercial gas meters, confirms the accuracy of meter

locations, performs minor maintenance on the meter, and reports gas meter defects to ICM.

17.     Wright – and others similarly situated – begins his workday at ICM's Lithonia facility at or around 7:15 a.m.

18.     When Wright reports to ICM's facility, he attends mandatory meetings, receives assignments, and assists in loading supplies, equipment, tools, paint and other items on to a designated vehicle.

19.     After concluding his morning duties at ICM's facility, Wright travels as a passenger in a company vehicle to his first meter.

20.     Wright carries brushes, paint, scrapers, paint shields, and other safety gear in the company vehicle.

21.     The number of meters assigned to Wright generally fluctuates but ranges from 170 to 200 meters per workday.

22.     Wright's time spent traveling from ICM's facility to his first assigned gas meter often exceeds 60 minutes.

23.     At the end of the day, Wright leaves his last assigned meter and travels back to ICM's facility, where he performs various vehicle maintenance tasks, unloads the vehicle, and completes paper work.

24.     Wright – and others similarly situated – fuel the ICM vehicle before or after his paid shifts whenever possible.

25.     Wright's time spent traveling from the last meter to ICM's facility often exceeds 60 minutes.

26.     Wright performed non-exempt work.

27.     Although Wright should have been compensated for his time spent (i) working at ICM's facility in the morning; (ii) traveling from ICM's facility to his first meter; (iii) traveling from his last assigned meter to ICM's facility; and (iv) working at ICM's facility at the end of his workday, ICM did not compensate him for such time at all times relevant.

28.     Prior to November 2012, ICM's policy was to pay Wright – and others similarly situated – only for time spent in the field and not for time spent traveling to the first meter or for time spent at the end of the workday traveling from the last meter to ICM's facility.

29.     A "Policy Statement" issued by ICM to its employees provides that "[t]he official start time … is the exact time the first meter is painted in the field."

30.     ICM's policy statement further states:

> The official work end time … is the exact time the last meter is painted in the field.

31.    A true and correct copy of ICM's policy statement is attached here as Exhibit A.

32.    Contrary to ICM's compensation policy, all of Wright's time spent traveling was compensable work.

33.    Having tools, supplies and equipment available and properly functioning, unloading debris and paint equipment, and completing paperwork are all activities necessary to Wright's predominant activity of painting and inspecting gas meters.

34.    The work that Wright performs cannot be done without transporting tools and equipment to and from ICM's facility and the gas meters.

35.    Wright's time spent traveling primarily benefits ICM.

36.    The activities Wright performed in the morning at ICM's facility primarily benefited ICM and were indispensable to the primary goal of his work.

37.    The activities Wright performed at the end of his workday at ICM's facility primarily benefited ICM and were indispensable to the primary goal of his work.

38.    The work Wright performed at ICM's facility in the morning and at the end of his shift was done with the knowledge and approval of ICM.

39.     At all times relevant, no time clock or other mechanical time records were maintained by ICM.

40.     ICM failed to keep accurate records of the hours worked by Wright.

41.     ICM was aware that Wright was working time for which he was not being compensated.

42.     ICM knew or should have known that the FLSA applied to Wright.

43.     Because Wright's activities primarily benefited ICM, the activities were principal and therefore compensable.

44.     Wright should have been compensated for his time spent working at ICM's facility each morning.

45.     Wright is owed compensation for his time spent traveling from ICM's facility to his first gas meter.

46.     Wright is owed compensation for his time spent traveling from his last gas meter back to ICM's facility.

47.     Wright is owed compensation for his time spent working at ICM facility at the end of his workday.

<u>COUNT</u>:     <u>WILLFUL FAILURE TO PAY OVERTIME</u>

48.     Paragraphs 1 through 47 are incorporated here by this reference.

49.    Wright regularly worked in excess of 40-hours per week while employed with ICM.

50.    ICM systematically undercompensated Wright on the number of hours actually worked.

51.    ICM violated FLSA's overtime provision by failing to pay Wright for all hours worked to the extent that failure resulted in loss overtime hours.

52.    ICM is liable to Wright for any and all time worked in excess of 40-hours per week.

53.    ICM knew or should have known that the FLSA applied to Wright.

54.    ICM failed to compensate Wright for all time worked.

55.    ICM applied its compensation policy in reckless disregard of FLSA requirements.

56.    ICM's violation of FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because ICM: (1) failed to maintain accurate time records and (2) led Wright to believe that ICM's policies conformed with the FLSA and the laws of the State of Georgia.

57.    Pursuant to 29 U.S.C. §§ 216(b) and 255(a), ICM is liable for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wright respectfully prays that:

a.  the Court enter judgment in favor of Plaintiff;

b.  the Court enter judgment against Defendant that its violations of the FLSA were willful;

c.  the Court award Plaintiff all unpaid overtime wages as provided for under the FLSA;

d.  the Court award Plaintiff liquidated damages in an amount equal to the amount of his unpaid overtime wages, as provided for under the FLSA;

e.  the Court award Plaintiff his attorneys' fees and costs of litigation under 29 U.S.C. § 216(b);

f.  the Court determine all triable issues at trial; and

g.  the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Wright demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:        June 21, 2013

**MAYS & KERR LLC**                         s/ Viraj Parmar
229 Peachtree Street NW               Viraj Parmar
International Tower | Suite 980        Ga. Bar No. 996884
Atlanta, GA 30303                          viraj@maysandkerr.com
Telephone:  (404) 410-7998
Facsimile:    (877) 813-1845          Jeff Kerr
                                                    Ga. Bar No. 634260
Counsel to Wright                       jeff@maysandkerr.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Book Antiqua 13 point font, as approved by Local Rule 5.1C.

This 21st day of June, 2013

<u>s/ Viraj Parmar</u>
Viraj Parmar
Ga. Bar No. 996884